J-S21045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WADE ANTHONY MASON, | |
| Appellant | No. 2483 EDA 2015 |

Appeal from the PCRA Order June 22, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006304-2009

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                **FILED March 14, 2016**

This is a *pro se* appeal from the order dismissing Appellant's second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  The PCRA court dismissed the petition on the basis that it was untimely filed.  We affirm.

The relevant facts and procedural history are as follows:  On January 20, 2011, a jury convicted Appellant of rape, sexual assault and simple assault.  Thereafter, on April 11, 2011, the PCRA court sentenced Appellant to an aggregate term of seven to fourteen years of imprisonment, and a consecutive two-year probationary term.  Following the denial of Appellant's timely post-sentence motion, Appellant filed an appeal to this Court, in which he raised a claim of prosecutorial misconduct during the Commonwealth's closing argument.  In an unpublished memorandum filed on April 14, 2012, we rejected Appellant's claim and affirmed his judgment

_____
*Former Justice specially assigned to the Superior Court.

of sentence, and on September 19, 2012, our Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Mason**, 48 A.3d 484 (Pa.Super. 2012), *appeal denied*, 53 A.3d 757 (Pa. 2012).

Appellant filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel. After reviewing the record and Appellant's proposed issues, PCRA counsel filed a petition to withdraw and "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Thereafter, the PCRA court issued Pa.R.A.P. 907 notice of intent to dismiss Appellant's *pro se* petition without a hearing. Appellant filed a *pro se* response. By order entered March 26, 2014, the PCRA court dismissed Appellant's PCRA petition and granted PCRA counsel's to withdraw. Appellant filed a timely *pro se* appeal to this Court. In an unpublished memorandum filed on January 16, 2015, we affirmed the order denying post-conviction relief. **Commonwealth v. Mason**, 118 A.3d 448 (Pa.Super. 2015). Appellant did not file a timely motion for allowance of appeal.

Appellant filed the instant *pro se* PCRA petition, his second, on March 20, 2015. Within this petition, Appellant reiterated his claim of prosecutorial misconduct that he unsuccessfully litigated during his direct appeal. **See supra**. The PCRA court issued Pa.R.A.P. 907 notice of intent to dismiss Appellant's second PCRA petition as untimely filed. Appellant filed a *pro se* response on May 18, 2015. By order entered June 22, 2015, the PCRA court

dismissed Appellant's PCRA petition. This *pro se* appeal follows. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

> (1)    WHETHER THE [PCRA] COURT [ERRED] WHEN IT REFUSED TO GRANT [APPELLANT] A MISTRIAL AFTER THE COMMONWEALTH STATED IN ITS CLOSING REMARKS TO THE JURY THAT HE STALKED THE STREET[S] OF CHESTER.

Appellant's Brief at 3.

Our scope and standard of review is well-settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa.Super. 2015) (internal citations and quotations omitted).

In order to address Appellant's issue, we must first determine whether the PCRA court correctly determined that Appellant's second PCRA petition was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the

findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super. 2001).

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[1] ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims

---

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

could have been presented." ***Gamboa-Taylor***, 753 A.2d at 783; ***see also*** 42 Pa.C.S.A. § 9545(b)(2).

Appellant's judgment of sentence became final on December 18, 2012, when the ninety-day time period for filing a *writ* of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Appellant needed to file the PCRA petition at issue by December 18, 2013, in order for it to be timely. As Appellant filed the instant petition on March 20, 2015, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).

Within his brief, Appellant has neither acknowledged the PCRA's time bar nor attempted to prove any exception thereto. Thus, the  PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's second PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.[2]

Order affirmed.

---

[2] In doing so, we echo the PCRA court's conclusion that, even if his latest PCRA petition was timely, Appellant would not be entitled to relief because the petition at issue "mirrors the allegations of his first PCRA petition and therefore represents another desperate attempt to re-litigate issues already rejected by this Court, Superior Court, and the Pennsylvania Supreme Court." PCRA Court Opinion, 9/15/15, at 4.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/14/2016